Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6988 | DATE | 8/24/2004 |
| CASE TITLE | PAUL and NANCY HELLER vs. CARL N. GRAF, JR. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiffs' motion to compel is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | AUG 2 5 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 9 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| | | 2004 AUG 24 PM 6:58 | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL and NANCY HELLER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 03 C 6988 |
| | ) | |
| CARL N. GRAF, JR., d/b/a Law Offices | ) | |
| of Carl N. Graf, Jr. and Associates, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
AUG 2 5 2004

## MEMORANDUM OPINION AND ORDER

Plaintiffs Paul and Nancy Heller brought this action against defendant Carl Graf, Jr., alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* They have now filed a motion to compel discovery. The motion is granted in part and denied in part.

Defendant, an attorney for Mark Muno, sent plaintiffs a letter on October 7, 2002, asserting that they owed Muno $800 for past tree-cutting services and that if the overdue payment was not made within ten days a mechanic's lien claim would be recorded. After further correspondence between plaintiffs and defendant, this suit was filed. The Fair Debt Collection Practices Act regulates the practices of "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Defendant denies that he is a debt collector as defined by the Act. Plaintiffs argue that defendant has failed to produce four types of information during discovery on this issue: complete, non-redacted billing records; the names and contact information of current and former employees;

tax returns from 2001 through 2003; and a complete accounting of the percentage of time spent on his practice areas.

Under Rule 26(b) of the Federal Rules of Civil Procedure, parties may obtain discovery on issues that are relevant to claims or defenses, but are not privileged. Plaintiffs requested defendant's time-keeping records to establish how much time he has spent on debt collection. In response to plaintiffs' request, defendant produced billing records that had been redacted, blacking out the client name and information following the phrase, "Legal Services Rendered Regarding:." Plaintiffs argue that defendant improperly redacted the records, as no privilege was asserted, and that the redaction renders many of the bills useless because they give no indication of what services were billed. Defendant responds that he removed the name and address of his clients and the file title to protect attorney-client confidentiality and because the information was not relevant to discoverable issues. Generally, the identity of an attorney's client is not a confidential communication protected by the attorney-client privilege. Iosello v. Lawrence, 2004 WL 442609 at *2 (N.D.Ill. 2004); Amon v. Harrison, 1993 WL at * (N.D.Ill. 1993). However, in this case the identity of the client would be revealed along with other information on the billing record, including services performed by defendant and, potentially, the nature of the client's legal problem. As the identity of the client is not relevant to discoverable issues and plaintiffs can track and reference the records by their case numbers, defendant need not provide the names of his clients. Nonetheless, it is not clear that only clients' names and addresses were redacted. Defendant states that he also redacted the file title – presumably the information that follows the words, "Legal Services Rendered Regarding:." As the file title appears to be more than just the client name, and potentially sheds light on the nature of the legal services rendered, it should not be redacted.

Defendant has also refused to provide the names and contact information for his current and former employees. He argues that any testimony provided by his employees regarding his collection activities would be duplicative of his own testimony under oath that these activities are wholly represented by his billing records. Defendant's assurance that his employees' testimony regarding his debt collection activities would mirror his own testimony is not a basis for refusing to provide discoverable information. Defendant must disclose the identity and location of his current and former employees since October 2001, in response to interrogatory #3 of Plaintiffs' First Set of Discovery Requests.

Plaintiffs also seek discovery of defendant's tax returns from 2001, 2002, and 2003. The returns are relevant, plaintiffs argue, because they would allow a comparison between defendant's reported income and the total revenue gained from the billing records produced during discovery. Plaintiffs maintain that such a comparison is necessary given the fluctuations in defendant's total billings over the course of the three years. However, defendant's reported earnings are not relevant to the issue of whether he is a debt collector. His total yearly earnings do not reveal what percentage of his time or legal practice are devoted to debt collection. Nor is it apparent how this figure would lead to any information on this issue, even if there is a discrepancy between defendant's yearly income and the revenue he receives from his clients.

Finally, plaintiffs argue that defendant's response to one of their interrogatories is insufficient and should result in an inference that defendant devotes at least ten per cent of his practice to debt collection. Interrogatory #4 of Plaintiffs' First Set of Discovery Requests asked defendant to "state the areas of law in which [he] practiced" and "the approximate amount of time [he] spent practicing in each area as a percentage of time [he] spent practicing in all those areas." Defendant listed seven practice areas and gave the percentage of time he spent on each.

Since the total of defendant's percentages only adds up to ninety per cent, plaintiffs argue that it is an incomplete response. Though the interrogatory asks defendant to provide the amount of time spent on each practice area as a percentage of the whole, it also asks defendant to approximate. Thus, the fact that his totals do not add up to 100 does not reveal that he is withholding information or has failed to fully respond. Plaintiffs are not entitled to a negative inference regarding how much time defendant spent on debt collection.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel is granted in part and denied in part.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 24, 2004.